UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

PATTERN INC., a Utah corporation,

    Plaintiff,

v.

IENJOY HOME LLC a/k/a LINEN MARKET,
a Florida limited liability company,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, Pattern Inc. f/k/a iServe Products, Inc. ("Plaintiff" or "Pattern"), by and through undersigned counsel, and hereby sues Defendant IEnjoy Home LLC a/k/a Linen Market ("IEnjoy" or "Defendant") and alleges as follows:

### THE PARTIES

1. Plaintiff Pattern is an ecommerce acceleration platform that partners with ecommerce companies to grow their business with customizable technology and services.

2. At all times material hereto, Pattern was and is a Utah corporation, with its principal place of business in Utah.

3. Defendant IEnjoy is a manufacturer and marketer of bedding and other home products (the "Products").

4. At all times material hereto, IEnjoy was and is a Florida limited liability company with its principal place of business in Clearwater, Florida. Upon information and belief, IEnjoy is a family-owned business and its members are citizens of Florida.

5. Plaintiff has retained the undersigned counsel to represent it in this action and is obligated to pay reasonable attorney's fees and costs for their services in this matter.

## JURISDICTION AND VENUE

6. This Court has diversity jurisdiction over the claims asserted in this Complaint pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, exclusive of interest and cost.

7. This Court has personal jurisdiction over IEnjoy because IEnjoy has engaged in substantial business activity in this District.

8. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because the cause of action alleged herein occurred in this District and the Defendant has a principal place of business and engaged in substantial business activity in this District.

# FACTS

## *The Authorized Reseller Agreement*

9. In or around June 21, 2022, Pattern and IEnjoy (collectively, the "Parties") entered into an Authorized Reseller Agreement (the "Agreement"). The Agreement is incorporated by reference.

10. Pursuant to the Agreement, IEnjoy engaged Pattern to be the exclusive reseller of IEnjoy's Products on Amazon and perform other services related to the marketing and sale of IEnjoy's Products.

11. Pattern's role in the engagement included, among other things, facilitating the sale of IEnjoy's Products and providing online content management, product feedback, search engine optimization, advertising management, and unauthorized seller compliance support.

12. In practice, the Parties' arrangement worked such that Pattern purchased Products from IEnjoy and facilitated the marketing and sale of those Products via an online retail platform.

13. IEnjoy was obligated to, *inter alia*, cooperate and assist Pattern on sales promotions and other marketing activities for the Products on the retail platform.

14. The Agreement includes a termination provision that states if the Agreement is terminated, IEnjoy must repurchase from Pattern any extra Products previously purchased by Pattern that are not necessary to fulfill orders made prior to

termination of the Agreement. Additionally, the termination provision requires IEnjoy to promptly pay Pattern any unpaid amounts due under the Agreement. *See* **§ 11 of the Agreement**.

*Termination of the Agreement*

15. Pursuant to the terms of the Agreement, on or about January 20, 2023, IEnjoy provided Pattern with its 60-day notice of termination of the Agreement. *See* **Exhibit A**.

16. Therefore, the Agreement was terminated on or about March 21, 2023.

17. On multiple occasions, Pattern has contacted IEnjoy to remind IEnjoy of its obligations to repurchase extra Products previously purchased by Pattern (the "Extra Products") and pay Pattern other prepaid costs due (the "Accounts Receivable"), which are clearly required by the Agreement.

18. Although IEnjoy is aware of its contractual obligations, IEnjoy failed and continues to fail to repurchase the Extra Products previously purchased by Pattern and due under the Agreement and pay the Accounts Receivable.

## COUNT I – BREACH OF CONTRACT

19. Plaintiff adopts and realleges the allegations contained in paragraphs 1-18 as fully set forth herein.

20. The Agreement between Pattern and IEnjoy is a valid and enforceable agreement, the terms of which were offered and accepted by the Parties in exchange for valuable consideration.

21. IEnjoy terminated the Agreement by sending a notice of termination to Pattern on or about January 20, 2023, pursuant to Section 11(a)(i).

22. On or about March 21, 2023, the Agreement was effectively terminated—thereby triggering IEnjoy's obligation to repurchase from Pattern the Extra Products previously purchased by Pattern that were not necessary to fulfill orders made prior to termination of the Agreement and pay Pattern for any other outstanding debts owed, pursuant to Section 11.

23. Currently, there is approximately $380,000.00 worth of Extra Products previously purchased by Pattern that were not necessary to fulfill orders made prior to termination.

24. Additionally, IEnjoy owes approximately $47,000.00 in Accounts Receivable to Pattern.

25. Thus, IEnjoy owes Pattern approximately $427,00.00 under the Agreement.

26. IEnjoy has an obligation to repurchase the Extra Products from Pattern.

27. IEnjoy has an obligation to pay Pattern for outstanding debts related to the Agreement.

28. Pattern notified IEnjoy regarding these obligations. IEnjoy, however, refuses to make the payments owed.

29. IEnjoy's failure to repurchase the Extra Products and pay Pattern for the Accounts Receivable is a material breach of the Agreement.

30. As a direct and proximate cause of IEnjoy's failure to repurchase the Extra Products and pay Pattern for the Accounts Receivable, Pattern has suffered and continues to suffer harm.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs, and any other relief this Court may deem appropriate.

## COUNT II – UNJUST ENRICHMENT
**(In the alternative)**

31. Plaintiff adopts and realleges the allegations contained in paragraphs 1-18 as fully set forth herein.

32. Pattern conferred a benefit that IEnjoy appreciated when Pattern purchased approximately $380,000.00 worth of Products from IEnjoy on the presumption that they could be sold. However, IEnjoy preemptively terminated the Agreement, and thus, Pattern can no longer sell these Products, i.e., the Extra Products.

33. Moreover, Pattern conferred a benefit that IEnjoy appreciated when Pattern shouldered approximately $47,000.00 in prepaid costs on IEnjoy's behalf, i.e., the Accounts Receivable.

34. Thus, IEnjoy has been and continues to be unjustly enriched should it be allowed to escape with nonpayment of approximately $427,00.00 for the Extra Products and Accounts Receivable.

35. Plaintiff has no adequate remedy at law.

36. As a result of the foregoing, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs, and any other relief this Court may deem appropriate.

Dated: October 18, 2023

Respectfully Submitted,

LOMAX LEGAL PLLC
95 Merrick Way, 3rd Floor
Coral Gables, FL 33134
Telephone: 305.582.6506
Facsimile: 305.503.6897

/s/ Brianna P. Hathaway
**Christopher M. Lomax Esq.**
Florida Bar No. 56220
Chris@LomaxLegal.com
**Brianna P. Hathaway, Esq.**
Florida Bar No. 1019219
Brianna@LomaxLegal.com

*Counsel for Plaintiff*