UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:23-cv-02362-WFJ-CPT

PATTERN INC., a Utah corporation,

    Plaintiff,

v.

IENJOY HOME LLC a/k/a LINEN MARKET,
a Florida limited liability company,

    Defendant,

_____/

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant, IENJOY HOME LLC a/k/a LINEN MARKET ("Defendant"), hereby files his Answer, Affirmative Defenses, and Counterclaim to the Complaint filed in the above-style lawsuit.

### THE PARTIES

1. Admitted for jurisdictional and venue purposes only.

2. Defendant admits that Plaintiff is a corporation, but is without knowledge of the remaining allegations in Paragraph 2 and, therefore, denies same.

3. Admitted for jurisdictional and venue purposes only.

4. Admitted for jurisdiction and venue purposes only.

5. Defendant is without knowledge of the allegations in Paragraph 5 and, therefore, denies same.

### JURISDICTION AND VENUE

6. Admitted for jurisdictional purposes only.

7. Admitted for jurisdictional purposes only.

8. Admitted for venue purposes only.

## FACTS

9. The Agreement referenced in Paragraph 9 speaks for itself.[1]  Defendant admits that the parties entered into the Agreement.

10. The Agreement referenced in Paragraph 10 speaks for itself.  Defendant admits that the parties entered into the Agreement.

11. The Agreement referenced in Paragraph 11 speaks for itself.  Defendant admits that the parties entered into the Agreement.

12. The Agreement referenced in Paragraph 12 speaks for itself.  Defendant admits that the parties entered into the Agreement.

13. The Agreement referenced in Paragraph 13 speaks for itself.  Defendant admits that the parties entered into the Agreement.  Defendant otherwise denies the allegations in Paragraph 13.

14. The Agreement referenced in Paragraph 14 speaks for itself.  Defendant admits that the parties entered into the Agreement.  Defendant otherwise denies the allegations in Paragraph 14.

## TERMINATION OF THE AGREEMENT

15. The Agreement referenced in Paragraph 15 speaks for itself.  Defendant admits that the parties entered into the Agreement. The documents attached as Exhibit A speak for themselves.

---

[1] Defendant admits the allegation in Paragraph 9 that the Agreement is incorporated into the Complaint by reference, notwithstanding the fact that the Agreement is not affixed as an Exhibit, due to the Confidentiality Provision contained therein.

16. The Agreement referenced in Paragraph 16 speaks for itself. Defendant admits that the parties entered into the Agreement. The documents attached as Exhibit A speak for themselves.

17. The Agreement referenced in Paragraph 17 speaks for itself. Defendant admits that the parties entered into the Agreement. Defendant further admits that the parties have discussed Pattern's demands.

18. The Agreement referenced in Paragraph 18 speaks for itself. Defendant admits that the parties entered into the Agreement. Defendant otherwise denies the allegations in Paragraph 18.

## COUNT I – BREACH OF CONTRACT

19. Defendant adopts and realleges its responses to Paragraphs 1 through 18 above.

20. The allegations of Paragraph 20 call for a legal conclusion to which no response is required. The Agreement referenced in Paragraph 20 speaks for itself. Defendant admits that the parties entered into the Agreement.

21. The Agreement referenced in Paragraph 21 speaks for itself. Defendant admits that the parties entered into the Agreement. The documents attached as Exhibit A speak for themselves.

22. The Agreement referenced in Paragraph 22 speaks for itself. Defendant admits that the parties entered into the Agreement. Defendant otherwise denies the allegations in Paragraph 22.

23. The Agreement referenced in Paragraph 23 speaks for itself. Defendant admits that the parties entered into the Agreement. Defendant is otherwise without knowledge as to the allegations in Paragraph 23 and, therefore, denies same.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant responds that the Agreement referenced in Paragraph 27 speaks for itself. Defendant admits that the parties entered into the Agreement. Defendant otherwise denies the allegations in Paragraph 27.

28. Defendant admits that Plaintiff has contacted Defendant, but otherwise denies the allegations in Paragraph 28.

29. Defendant responds that the Agreement referenced in Paragraph 29 speaks for itself. Defendant admits that the parties entered into the Agreement. Defendant otherwise denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

The WHEREFORE clause following Paragraph 30 of the Complaint does not call for a response. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested therein.

## COUNT II – UNJUST ENRICHMENT

31. Defendant adopts and realleges its responses to Paragraphs 1 through 18 above.

32. Defendant responds that the Agreement referenced in Paragraph 32 speaks for itself. Defendant admits that the parties entered into the Agreement. Defendant further responds that the documents attached as Exhibit A speak for themselves. Defendant otherwise denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

The WHEREFORE clause following Paragraph 36 of the Complaint does not call for a response. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested therein.

## AFFIRMATIVE DEFENSES

1. For its First Affirmative Defense, Defendant states that Plaintiff's claims are barred, in whole or in part, based on estoppel. When entering into the Agreement, Plaintiff represented to Defendant that it had the requisite skill set and experience level to improve Defendant's profits and sales online. Defendant relied on these representations when it entered into the Agreement. Notwithstanding these representations, Plaintiff failed to properly market and sell the products on the online retail platform, which caused Defendant damages in lost profits and sales. Between July of 2022 and February of 2023, Defendant's sales on the online platform went from approximately $860,000 per month to approximately $203,000 per month. As a result, the Defendant was required to employ alternative marketing techniques to reduce the damages caused by Plaintiff's poor performance. Additionally, upon information and belief, Plaintiff has continued to sell the products at below-market prices, which has inhibited Defendant from competing in the market and continues to cause further damage to Defendant's sales and profits.

2. For its Second Affirmative Defense, Defendant states that Plaintiff's claim for breach of Agreement is barred, in whole or in part, because Plaintiff breached the Agreement first when it failed to perform its obligations under the Agreement. As a result, Defendant was not required to comply with the terms of the Agreement.

3. For its Third Affirmative Defense, Defendant states that it is entitled to setoff of the Plaintiff's alleged damages on its claims because, as a result of Plaintiff's failure to perform its obligations under the Agreement, Defendant suffered damages by way of lost profits and sales.

4. For its Fourth Affirmative Defense, Defendant states that Plaintiff's claim for unjust enrichment is barred, in whole or in part, based on the doctrine of unclean hands. Among other misconduct, Plaintiff misrepresented its skills and experience level to Defendant, Plaintiff failed to perform its obligations under the Agreement causing damages to the Defendant, and, upon information and belief, Plaintiff has been re-selling the products online at below-market prices, inhibiting the Defendant's ability to compete fairly in the market.

5. For its Fifth Affirmative Defense, Defendant states that it is entitled to a set-off for any and all collateral source benefits paid and/or payable to the Plaintiff, or alternatively, because Plaintiff continues to sell the products online at below-market rates, which has inhibited the Defendant's ability to compete in the market and caused Defendant to lose profits and sales of its products, Plaintiff should not now be able to seek reimbursement or a double recovery from the Defendant.

6. For its Sixth Affirmative Defense, Defendant states that Plaintiff's claim under Count 2 for Unjust Enrichment is barred due to the existence of an express contract between the parties, and the allegations pertaining to same are incorporated into Count 2.

7. For its Seventh Affirmative Defense, Defendant states that Plaintiff's claims are barred because Plaintiff breached the covenant of good faith and fair dealing in the parties' Agreement. When entering into the Agreement, Plaintiff represented to Defendant that it had the requisite skill set and experience level to improve Defendant's profits and sales online. Indeed, the Agreement expressly provides that "Pattern is an online retailer and *possesses certain expertise* with respect to the sale of products on thee [*sic*] retail website listed on Exhibit A hereto (the "Retail Platform"), including content management, listing management, product feedback management, search engine optimization, advertising management and unauthorized seller

compliance." Agreement, p. 1 (emphasis added). Defendant relied on these representations when it entered into the Agreement. Notwithstanding these representations, Plaintiff failed to properly market and sell the products on the online retail platform, which caused Defendant damages in lost profits and sales. Specifically, between July of 2022 and February of 2023, Defendant's sales on the online platform went from approximately $860,000 to approximately $203,000. As a result, the Defendant was required to employ alternative marketing techniques to reduce the damages caused by Plaintiff's poor performance. Additionally, upon information and belief, Plaintiff has continued to sell the products at below-market prices, which has inhibited Defendant from competing in the market and continues to cause further damage to Defendant's profit and sales.

## COUNTERCLAIM

Defendant/Counter-Plaintiff, IENJOY HOME LLC a/k/a LINEN MARKET ("Counter-Plaintiff" or "iEnjoy"), hereby files its Counterclaim against Plaintiff/Counter-Defendant, PATTERN INC. ("Counter-Defendant" or "Pattern"), in response to the Complaint filed in the above-style lawsuit. In support thereof, iEnjoy states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Pattern is a Utah corporation with its principal place of business in Utah.

2. IEnjoy is a Florida limited liability company with its principal place of business in Florida.

3. This Court has diversity jurisdiction over the claims asserted in this Counterclaim pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, exclusive of interest and cost.

4. This Court has personal jurisdiction over Pattern because Pattern has agreed to a forum selection clause in this District per the terms of the Agreement.

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(3) & (d) because the cause of action alleged herein occurred in this District and Pattern has agreed to a forum selection clause in this District per the terms of the Agreement.

## GENERAL ALLEGATIONS

6. IEnjoy is a manufacturer of bedding and other home products.

7. Pattern is an online ecommerce retailer that markets and sells products for manufacturers, such as iEnjoy.

### *The Parties' Agreement*

8. In or around June 21, 2022, Pattern and iEnjoy (collectively, the "Parties") entered into an Authorized Reseller Agreement (the "Agreement"),[2] in which iEnjoy sought to retain Pattern as the exclusive retailer of its products on Amazon.com because Pattern had represented its expertise and skill level in such matters.

9. The intent of the Agreement was to have Pattern increase iEnjoy's product sales using its touted skills and experience in marking and selling products on online platforms. Specifically, the Agreement provides that Pattern "is an online retailer and possesses certain expertise with respect to the sale of products on thee [*sic*] retail website listed on Exhibit A hereto (the "Retail Platform"), including content management listing management, product feedback management, search engine optimization, advertising management, and unauthorized seller compliance." Agmt., p. 1

10. Per the terms of the Agreement, Pattern would provide the following services: (1) exclusive product reselling on Amazon of iEnjoy's products; (2) retail platform content management; (3) retail platform listing management; (4) product feedback management; (5) search

---

[2] The Agreement has not been affixed to this Counterclaim due to the Confidentiality provision contained therein. Agmt., ¶8.

engine optimization to, among other things, "drive the iEnjoy Home Product line;" (6) sales and retail platform ranking to "drive the overall sales and product rankings for iEnjoy Home Products on the Retail Platform;" (7) unauthorized seller compliance; and 8) online business intelligence. Agmt., ¶1(a)–(h).

11. Pattern was required to perform its services "in a professional and workmanlike manner" and was prohibited from using any deceptive, misleading, or unethical representations or practices that are detrimental to iEnjoy or its products." Agmt., ¶¶ 4(a), (c).

12. In furtherance of these obligations, Pattern was granted a limited license under the terms of the Agreement in which to use iEnjoy's Trademarks for the purpose of selling, marketing, and promoting the products on the retail platform or otherwise performing its obligations under the Agreement (the "License"). Agmt., ¶¶ 7(a), (c). In the same vein, Pattern was granted the right to use iEnjoy's Linen Market brand and logo. Agmt., ¶7(b).

13. The rights under the Agreement, including the License and the right to use the Linen Market logo, were to terminate and revert to iEnjoy upon the termination of the Agreement. Agmt., ¶11(b)(i).

### *Pattern's Breaches of the Agreement*

14. Notwithstanding the express terms of the Agreement, Pattern failed to improve iEnjoy's sales or perform its obligations in a workmanlike and professional manner.

15. Although iEnjoy relied on Pattern for its alleged expertise in ecommerce and online marketing and sales, throughout the duration of the Agreement, iEnjoy's online sales of the product steadily declined into staggeringly low numbers. In fact, between July of 2022 and February of 2023, iEnjoy's sales went from approximately $860,000 per month to approximately $203,000 per

month—a difference of as much as $600,000 in lost sales per month—while under Pattern's management.

16. iEnjoy lodged several complaints regarding Pattern's performance and issues with their resale of the products; however, Pattern failed to remedy the issues with the declining sales of the product and/or failed to perform its obligations under the express terms of the Agreement.

17. As a result, iEnjoy sent an email to Pattern on January 20, 2023, notifying it that it would no longer be proceeding to use Pattern as its exclusive product reseller. The Agreement was effectively terminated on or about March 21, 2023, per the terms of the Agreement.

18. As a result of Pattern's breaches of its obligations under the Agreement, iEnjoy has incurred significant damages, and continues to incur such damages to date. In addition to lost profits and sales, iEnjoy has incurred additional costs in its attempt to rebuild the sales and related profits lost under Pattern's management.

*Pattern's Unauthorized Sale of the Product*

19. Additionally, though the Agreement was effectively terminated, upon information and belief, Pattern continues to sell the products that remain in its inventory at below-market prices on Amazon.

20. Upon information and belief, Amazon's online seller platform algorithm prioritizes product listings based on the prices for which a product is marketed.

21. As a result, Pattern's continued sale of the product at below-market listings has caused iEnjoy to be deprioritized or removed from Amazon's listings, which has consequently caused iEnjoy significant product sale and profit losses.

22. Moreover, as the manufacturer and marketer of its products following the termination of the Agreement, iEnjoy has been attempting to resell its products on Amazon to

recoup the lost sales and profits caused by Pattern's failed management, which attempts are thwarted by Pattern's continued sale of the product at significantly lower prices.

23. Worse, Pattern has sold these products under the "Linen Market" logo, which it continues to use despite the fact that the Agreement has terminated, and along with it, its right to use the Linen Market logo.[3]  *See* Agmt., ¶11(b)(i) ("All rights granted by the Parties under the Agreement will terminate and revert to the respective parties.").

24. At all times material hereto, iEnjoy has owned the Linen Market logo trademark (the "Linen Market Trademark"). A true and correct copy of the Linen Market Trademark registered with the United States Patent and Trademark Office is affixed hereto as "**Exhibit A**."[4]

25. Pattern's resale of the products using the Linen Market Trademark has rendered iEnjoy unable to fairly compete with its own sales of the product on Amazon, and has caused iEnjoy to continue to lose profits and sales of the product.

26. As a result of Pattern's unauthorized sale of the products, iEnjoy has incurred significant damages, and continues to incur such damages to date.

27. IEnjoy has retained the undersigned counsel and is obligated to pay reasonable attorneys' fees and costs for its services.

28. Per the terms of the Agreement, Pattern is required to indemnify iEnjoy for all attorneys' fees and costs arising out of or relating to its breach of the Agreement. *See* Agmt., ¶ 10(b).

---

[3] Though Pattern's general counsel represented in a previous conversation with iEnjoy's general counsel in September of 2023 that it was not reselling the product online, upon information and belief, Pattern continues to sell the product on Amazon at below-market rates as of the date of this Counterclaim.
[4] iEnjoy Ventures LLC is a wholly owned subsidiary of iEnjoy.

## COUNT I:
### (Breach of Agreement)

29. IEnjoy adopts and realleges the allegations in paragraphs 1 through 28 of this Counterclaim.

30. The Agreement between Pattern and iEnjoy is a valid and enforceable contract.

31. At all times material hereto, the intent of the Parties' Agreement was to increase iEnjoy's sales through Pattern's represented ecommerce expertise, which iEnjoy relied upon in entering the Agreement.

32. The terms of the Agreement provide that Pattern would facilitate the sale of iEnjoy's products and provide online content management product feedback, search engine optimization, advertising management, and unauthorized seller compliance support. Specifically, Pattern was required under the Agreement to manage activities "to drive the overall sales and product rankings for iEnjoy Home Products on the Retail Platform." Agmt., ¶ 7(f).

33. Additionally, the Agreement provides that Pattern would perform its obligations in a professional and workmanlike manner, per the terms of the Agreement.

34. Pattern failed to perform its obligations under the Agreement.

35. Among other things, Pattern significantly decreased the overall sales of the products, and therefore failed to provide the requisite content management, listing management, product feedback management, search engine optimization, advertising management, and/or unauthorized seller compliance of iEnjoy's products on Amazon as provided under the terms of the Agreement.

36. Moreover, Pattern failed to perform its obligations in a professional and workmanlike manner, per the terms of the Agreement. iEnjoy lodged multiple complaints

#2719203v1-221253.0002

regarding Pattern's poor content management, which were not remedied by Pattern, as sales continued to decline throughout the duration of the Parties' Agreement.

37. Pattern's failure to perform its obligations under the Agreement is a material breach of the terms of the Agreement.

38. As a direct and proximate cause of Pattern's failure to perform its obligations under the Agreement, iEnjoy has suffered and continues to suffer harm.

WHEREFORE, iEnjoy respectfully requests this Court enter an order awarding it any and all damages incurred in connection with Pattern's breach of the Agreement, awarding it attorney's fees and costs, and for all other relief this Court finds just and proper.

## COUNT II:
### (Breach of Covenant of Good Faith and Fair Dealing)

39. IEnjoy adopts and realleges the allegations in paragraphs 1 through 28 of this Counterclaim.

40. The Agreement between Pattern and iEnjoy is valid and enforceable.

41. At all times material hereto, the intent of the Parties' Agreement was to increase iEnjoy's sales and profits through Pattern's ecommerce expertise.

42. The terms of the Agreement reflect the Parties' intent.

43. Specifically, the terms of the Agreement unambiguously provide that Pattern possessed a certain level of expertise with respect to the sale of the product and would facilitate the sale of iEnjoy's products to "drive" product sales and rankings through online content management product feedback, search engine optimization, advertising management, and unauthorized seller compliance support. Agmt., p. 1 & ¶¶1(a)–(g).

#2719203v1-221253.0002

44. Additionally, the terms of the Agreement provide that Pattern would perform its obligations in a professional and workman-like manner, and employ fair practices in its sale of the products. *See* Agmt. ¶¶ 4(a) & (c).

45. Notwithstanding, throughout the duration of the Agreement, online sales of iEnjoy's product on Amazon steadily declined from approximately $860,000 to approximately $203,000.

46. Despite complaints lodged in response to Pattern's performance, sales and profits of the product continued to decline.

47. As a result, iEnjoy incurred significant losses in its online product sales and profits.

48. In addition to its decline of iEnjoy's sales, Pattern also continues to sabotage iEnjoy's profits by reselling the products at below-market rates following the termination of the Agreement.

49. Pattern's conduct is contrary to the Parties' intent in entering into the Agreement, which, by its unambiguous terms, seeks to improve iEnjoy's product sales and customer reviews, thereby breaching the implied covenant of good faith and fair dealing.

50. As a direct and proximate cause of Pattern's breach of the Agreement's implied covenant of good faith and fair dealing, iEnjoy has suffered and continues to suffer harm.

WHEREFORE, iEnjoy respectfully requests this Court enter an order awarding it any and all damages incurred in connection with Pattern's breach of the Agreement's covenant of good faith and fair dealing, awarding it attorney's fees and costs, and for all other relief this Court finds just and proper.

#2719203v1-221253.0002

## COUNT III:
### (Trademark Infringement)

51. IEnjoy adopts and realleges the allegations in paragraphs 1 through 28 of this Counterclaim.

52. At all times material hereto, iEnjoy has been the owner of the Linen Market Trademark.

53. The Linen Market Trademark is distinctive to the consuming public and iEnjoy's trade.

54. Per the terms of the Agreement, Pattern's License and right to use the Linen Market Trademark immediately terminated upon the termination of the Agreement. *See* Agmt., ¶11(b)(i).

55. Following the termination of the Agreement, Pattern has continued to sell products bearing the Linen Market Trademark on Amazon.com without iEnjoy's consent and is likely to deceive consumers as to iEnjoy's affiliation with Pattern.

56. Accordingly, Pattern's sale of the products using Linen Market Trademark constitutes trademark infringement in violation of 15 U.S.C. § 1114.

57. Upon information and belief, Pattern's actions have been willful and deliberate.

58. The unlawful acts of Pattern have and continue to cause irreparable injury and harm to iEnjoy for which there is no adequate remedy at law, including the right to control its own reputation and goodwill associated with the Linen Market Trademark.

59. The requested relief is not contrary to the interest of the public generally, as the public has an interest in protecting registered trademarks.

WHEREFORE, iEnjoy respectfully requests this Court enjoin Pattern from its sale of the product using the Linen Market Trademark, award attorneys' fees and costs to iEnjoy, and for all other relief that this Court finds just and proper.

## JURY TRIAL DEMAND

IEnjoy hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted,

**TRIPP SCOTT, P.A.**
*Counsel for iEnjoy Home, LLC*
110 SE 6th Street, Floor 15
Fort Lauderdale, FL 33301
Telephone: (954) 525-7500
Facsimile: (954) 761-8475

By:*/s/ Ryan H. Lehrer*
RYAN H. LEHRER, ESQ.
Florida Bar No. 84423
rhl@trippscott.com
sxc@trippscott.com
eService@trippscott.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of December 2023, I electronically filed the foregoing document with the Clerk of the court using CM/ECF and served it on the below parties:

Christopher M. Lomax, Esq. (chris@lomaxlegal.com)
Brianna P. Hathaway, Esq. (Brianna@lomxlegal.com)
**Lomax Legal PLLC**
*Attorneys for Plaintiff*
95 Merrick Way, 3rd Floor
Coral Gables, FL 33134